# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 12-4083-MWB-2 |
| vs. | **ORDER REQUESTING ADDITIONAL BRIEFING** |
| CHRISTOPHER BAILEY, | |
| Defendant. | |

_____

## TABLE OF CONTENTS

*I.   INTRODUCTION..................................................................1*

*II.  ANALYSIS ........................................................................3*
     *A.   My Preliminary Analysis of Bailey's Current Argument....................3*
     *B.   Potential Grounds for a Policy Disagreement............................11*

*III. CONCLUSION ................................................................. 12*

## *I.   INTRODUCTION*

This is a *sua sponte* order requesting additional briefing on issues raised—either directly or indirectly—in defendant Christopher Bailey's (Bailey's) sentencing memorandum (docket no. 433-1). In Bailey's memorandum brief, he requests a downward variance based, in part, on the disparity between districts in how the Government charges firearm enhancements under 18 U.S.C. § 924(c). Without citing to any authority, Bailey asserts that I "can consider that there is a disparity between districts' charging of multiple counts of [§] 924(c)" in deciding whether to grant a downward variance under 18 U.S.C. § 3553(a) (docket no. 433-1, at 16-17). Bailey does, however, concede that the Eighth Circuit Court of Appeals's decision in *United*

*States v. Hatcher*, 501 F.3d 931 (8th Cir. 2007), prevents me from considering Bailey's § 924(c) sentences in granting a downward *departure*. Thus, Bailey's argument seems to be that I may consider the Government's disparate § 924(c) application in varying, but not departing, from Bailey's Guidelines sentence.

But, Bailey does not clearly state the grounds on which he wants me to grant a downward variance. On one hand, Bailey requests that I "vary downward . . . in accordance with 18 U.S.C. § 3553" (docket no. 433, at 1), which suggests that I should vary based on an individualized analysis of § 3553(a)'s factors. On the other hand, Bailey cites a number of cases discussing downward variances based on policy disagreements with the United States Sentencing Guidelines (U.S.S.G.) (docket no. 433-1, at 15-16), which suggests that I should vary based on a categorical disagreement with the Guidelines. While it is not clear whether Bailey wants me to depart by applying the § 3553(a) factors or by stating a policy disagreement with the Guidelines, the latter route seems more fruitful than the former for two reasons.

First, *Hatcher* seems to preclude me from varying by considering Bailey's § 924(c) sentences as part of an individualized § 3553(a) analysis. Although I believe that *Hatcher* was wrongly decided, a fair reading of *Hatcher* suggests that I may not directly consider Bailey's § 924(c) sentences in departing *or varying* from his Guidelines sentence. *Hatcher*'s holding is based, in part, on the (erroneous) interpretation that U.S.S.G. § 5G1.2(a)—which requires that a § 924(c) sentence be "imposed independently"—prevents me from considering a defendant's § 924(c) sentence in determining the length of that defendant's Guidelines sentence. Though I disagree with this interpretation, *Hatcher* is the law and I am bound to the extent of its holding.

Second, despite *Hatcher*'s holding, *Hatcher* did not involve a policy disagreement, and thus did not address whether I may vary from Bailey's Guidelines

2

sentence based on a policy disagreement with § 5G1.2(a), as interpreted in *Hatcher*. In particular, it seems that *Hatcher*'s interpretation of § 5G1.2(a)—that it prevents me from considering defendants' § 924(c) sentences in deciding whether to grant a downward variance—in turn prevents me from meeting my obligation under § 3553(a) to "impose a sentence sufficient, but not greater than necessary," to meet § 3553(a)(2)'s requirements. *Hatcher* would not necessarily govern a variance based on such a policy disagreement.

I will briefly note my preliminary thoughts on these issues below, and will then detail my request for additional briefing.

## II. ANALYSIS

### A. *My Preliminary Analysis of Bailey's Current Argument*

In his sentencing brief, Bailey requests a downward variance based on disparities in the Government's application of § 924(c), even though he concedes that I cannot grant a downward departure for that same reason. It appears that I cannot grant Bailey an individualized downward variance based on these § 924(c) disparities for two reasons: (1) The Eighth Circuit Court of Appeals follows the majority rule that district courts may not consider a defendant's mandatory § 924(c) sentence in deciding whether to vary below a Guidelines sentence; and (2) The United States Supreme Court and Eighth Circuit Court of Appeals have held that sentencing disparity caused by the Government's charging discretion does not run afoul of § 3553(a)'s goal of avoiding unwarranted sentencing disparity.

The Eighth Circuit Court of Appeals's decision in *United States v. Hatcher*, 501 F.3d 931 (8th Cir. 2007), suggests that a district court may not consider a defendant's mandatory § 924(c) sentence in fashioning a downward departure *or variance* from an underlying Guidelines sentence. Bailey only quotes the part of *Hatcher* discussing

3

departures: "[U]nder the Sentencing Guidelines, a mandatory consecutive sentence under 18 U.S.C. § 924(c) is an improper factor to consider in making a *departure*, or fashioning the extent of a *departure*." *Id.* at 934 (quoting *United States v. Working*, 287 F.3d 801, 807 (9th Cir. 2002)) (emphasis added). From this quote, Bailey seems to assume that district courts retain the ability to grant a downward *variance* based on a defendant's § 924(c) sentence.

But, a closer reading of *Hatcher* suggests that district courts may no more vary than depart based on a defendant's mandatory § 924(c) sentence. The district court in *Hatcher* gave two defendants below-Guidelines sentences on their convictions for conspiracy, robbery, and money laundering specifically because those convictions were accompanied by severe § 924(c) mandatory sentences. *Id.* at 933-34. The Eighth Circuit Court of Appeals did not state whether the district court varied or departed from the Guidelines. But, upon reviewing the parties' appellate briefs, it is clear that the district court granted a downward variance under § 3553(a). The Eighth Circuit Court of Appeals held that "the district court imposed an unreasonable sentence" because it considered the severity of the defendants' § 924(c) sentences in varying on their underlying Guidelines sentences. *Id.* The court of appeals specifically noted that "[t]he district court considered the severity of the [§ 924(c)] firearm sentences in justifying its extraordinary *variance*" and that both defendants had received "an extraordinary *variance* from [their] Guidelines range." *Id.* (emphasis added). Thus, *Hatcher* apparently holds that district courts may not depart *or vary* based on the perceived harshness of a defendant's § 924(c) sentence.

While I recognize *Hatcher*'s applicability to both departures and variances, I think that *Hatcher* was wrongly decided. The *Hatcher* court held that a defendant's § 924(c) sentence was "an improper [variance] factor" because it "conflate[s] the

4

sentences for the § 924(c) offenses and the [underlying] crimes." *Id.* In arriving at this holding, the court relied on U.S.S.G. § 5G1.2(a), which provides:

> Except as provided in subsection (e), the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and *imposed independently*. (Emphasis added).

Based on § 5G1.2(a), the court in *Hatcher* apparently reasoned that a defendant's Guidelines sentence has to be "imposed independently" of his or her consecutive statutory sentence. *See Hatcher*, 501 F.3d at 933 (relying on § 5G1.2(a)). Thus, it held that a district court may not consider a defendant's § 924(c) sentence in fashioning a downward variance on the defendant's Guidelines sentence.

But, *Hatcher*'s reasoning turns § 5G1.2(a)'s language on its head. Section 5G1.2(a) does not require the Guidelines sentence to be imposed independently of the statutory sentence. It requires the inverse: that the statutory sentence be imposed independently of the Guidelines sentence. Thus, by its text, § 5G1.2(a) would not prevent me from considering Bailey's § 924(c) sentences in issuing Bailey's Guidelines sentence, as long as I did not simultaneously consider the Guidelines sentence in issuing Bailey's § 924(c) sentences. But, based on an erroneous interpretation of § 5G1.2(a), *Hatcher* says otherwise.

Despite my disagreement with its reasoning, *Hatcher* appears to be the majority rule. The Second and Seventh Circuit Courts of Appeals have explicitly held that a district court may not consider the severity of a § 924(c) sentence in weighing a defendant's § 3553(a) factors. *United States v. Chavez*, 549 F.3d 119, 133 (2d Cir. 2008); *United States v. Roberson*, 474 F.3d 432, 437 (7th Cir. 2007). For example, the Second Circuit Court of Appeals held in *United States v. Chavez*, 549 F.3d 119, 133 (2d Cir. 2008), that, "in arriving at a reasonable total sentence, [district courts are]

5

not authorized to impose a shorter prison term for [a Guideline count] in light of the severe consecutive prison term [courts are] required to impose [under § 924(c)]." The court in *Chavez* relied heavily on § 924(c)'s requirements that gun enhancements (1) be imposed "in addition to the punishment" for underlying counts, 18 U.S.C. § 924(c)(1)(A), and (2) not be imposed concurrently with punishment for an underlying offense, 18 U.S.C. § 924(c)(1)(D)(ii). In light of these statutory requirements, the court held that "if the court reduces the prison term imposed for [an] underlying count on the ground that the total sentence is, in the court's view, too severe, the court conflates the two punishments and thwarts the will of Congress that the punishment imposed for violating § 924(c) be 'addition[al]' and 'no[t] . . . concurrent[]."" *Chavez*, 549 F.3d at 135. Thus, a district court is "required to determine an appropriate prison term for [a defendant] on the [underlying] count and . . . [is] not permitted to reduce that prison term on account of the mandatory minimum sentence provided by § 924(c) for the firearm count." *Id.*; *see also Roberson*, 474 F.3d at 437 (holding the same thing).

The problem with *Chavez*'s rationale is that it implies too much from § 924(c)'s language. While § 924(c)'s text requires that a defendant's firearm sentence be imposed "in addition to," and consecutive to, his or her underlying sentence, neither of these requirements implies that a district court cannot consider a defendant's § 924(c) sentence in determining the length of his or her underlying sentence. The statutory language *Chavez* relies on simply requires that § 924(c) defendants receive some incremental, consecutive punishment for their underlying crimes; it says nothing about what a district court may consider in issuing that incremental punishment. Had Congress intended to prevent district courts from considering § 924(c) sentences in issuing Guidelines sentences, it could have made that prohibition explicit in § 924(c)'s

6

text. It did not. Thus, while *Chavez* is the majority rule, its reasoning is no less faulty than *Hatcher*'s.

Not all district courts have followed the majority rule, however. At least three district courts have granted downward variances based on the aggregate severity of a defendant's sentence with § 924(c) enhancements. In *United States v. Ciszkowski*, 430 F. Supp. 2d 1283, 1287 (M.D. Fla. 2006), *aff'd*, 492 F.3d 1264 (11th Cir. 2007), the district court held that "the pertinent question for the district judge, recognizing the inevitable [§ 924(c)] minimum mandatory sentence, is what additional term attributable to the advisory guidelines component of the total sentence is required to create a total sentence that is 'reasonable' under *Booker* in light of the factors arrayed at Section 3553(a)." The court in *Ciszkowski* also noted that "Section 924(c) neither specifies nor implies any particular duration of the sentence to which the Section 924(c) sentence is consecutive." *Id.* at 1288. Based on this reasoning, the court granted the defendant a downward variance on his underlying Guidelines sentence, reducing it from a range of 188 to 235 months down to 12 months, based on the harshness of the defendant's mandatory, 30-year § 924(c) enhancement. *Id.* The court stated that "only a nominal term attributable distinctly to the guidelines component is necessary because the statutory purposes of the entire 188-month sentence are generously satisfied by a minimum mandatory term of thirty years . . . ." *Id.*

Similarly, in *United States v. Ezell*, 417 F. Supp. 2d 667, 678 (E.D. Pa. 2006), *aff'd*, 265 F. App'x 70 (3d Cir. 2008), the district court granted a downward variance based on the severity of a defendant's § 924(c) enhancement. In *Ezell*, the defendant was sentenced on six underlying counts of committing Hobbs Act robberies, and six attendant counts of using a firearm during a crime of violence under § 924(c). *Id.* at 669. The district court noted that "there is no basis for imposing a sentence on the § 924(c) counts of less than the 132-year mandatory consecutive sentence." *Id.* at 678.

7

But, because the court found the 132-year consecutive sentence to be "unduly harsh," it sentenced the defendant to only one day of additional imprisonment to run concurrently on all six robbery counts. *Id.*

In *United States v. Angelos*, 345 F. Supp. 2d 1227, 1263 (D. Utah 2004), *aff'd*, 433 F.3d 738 (10th Cir. 2006), the district court held that, although a "55-year sentence mandated by § 924(c) in this case appears to be unjust, cruel, and irrational," the court was required to apply that sentence to the defendant. But in light of its severity, the district court only "impose[d] a sentence of one day in prison for all offenses other than the § 924(c) counts"—a sentence well below the defendant's Guidelines range. *Id.* at 1260. Though the court in *Angelos* did not explicitly rely on § 3553(a) in issuing the one-day sentence, it made clear that it was not relying on a downward departure. *Id.* at 1260. Thus, the court implicitly granted the below-Guidelines sentence based on a downward variance.

All three of the district courts' sentences in *Ciszkowski*, *Ezell*, and *Angelos* were affirmed by the courts of appeals. But, the defendant, not the Government, appealed in all three cases. Thus, the appeals courts never considered a governmental challenge to a downward variance based on the harshness of a § 924(c) minimum. Moreover, the courts of appeals in *Ezell* and *Angelos* never discussed the district courts' use of § 3553(a) to reduce the defendant's Guidelines sentence in light of a § 924(c) minimum. The Eleventh Circuit Court of Appeals in *Ciszkowski* barely discussed the district court's variance, noting only that "the district court fashioned a reasonable sentence, properly taking into consideration the § 3553(a) factors." *United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007). Thus, despite affirming the district courts, none of the courts of appeals in *Ciszkowski*, *Ezell*, and *Angelos* explicitly discussed the interaction between § 3553(a) and § 924(c).

Moreover, *Ciszkowski*, *Ezell*, and *Angelos* are all at odds with the Eighth Circuit Court of Appeals's decision in *Hatcher*. While I disagree with *Hatcher*'s rationale, I am bound by it to the extent of its holding. Thus, unless the parties persuade me otherwise in their supplemental briefs, I do not think I can grant Bailey an individualized downward variance based on his § 924(c) sentence.

I also recognize, however, that Bailey's argument here is slightly different than that in *Hatcher*. Bailey does not argue for a downward variance based solely on the severity of his § 924(c) sentences, but rather the disparity created by the Government's discretionary application of § 924(c). That difference, however, is likely unavailing because both the United States Supreme Court and the Eighth Circuit Court of Appeals have held that disparity caused by the Government's charging discretion is not a sufficient reason to adjust a defendant's sentence. For example, the United States Supreme Court has held that, at least in the context of § 851 enhancements, sentencing disparity caused by the Government's charging discretion is not improper:

> Insofar as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors. Any disparity in the maximum statutory penalties between defendants who do and those who do not receive the notice is a foreseeable—but hardly improper—consequence of the statutory notice requirement.

*United States v. LaBonte*, 520 U.S. 751, 762 (1997) (internal citations and footnote omitted).

The Eighth Circuit Court of Appeals applied a similar rationale in *United States v. Foote*, 898 F.2d 659, 666 (8th Cir. 1990). In *Foote*, two defendants appealed their

9

sentences. Each had been "convicted of at least one count of using a firearm in the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c), and each received the mandatory sentence the statute requires." *Id.* at 666. On appeal, they argued "that the Sentencing Guidelines are invalid because the prosecutor has the discretion to choose either to charge use of a firearm as a separate substantive offense under section 924(c), or to assert the firearm use merely as a specific offense characteristic that will serve to enhance the sentence for any drug trafficking offense of which the defendant is convicted." *Id.* According to the defendants, that discretion creates "disparity in sentencing" and therefore "violates [§ 3553(a)(6)'s] goal of avoid[ing] unwarranted sentence disparities . . . ." *Id.* (internal quotation marks omitted). The Eighth Circuit Court of Appeals disagreed, holding that

> [t]he Sentencing Commission was fully aware of the existence of section 924(c) and its mandatory sentencing requirement when it constructed the Guidelines sentencing system. The fact that the prosecutor is empowered to choose between charging a violation of section 924(c) and merely seeking an enhancement of sentence based on his evaluation of the strength of the case against the defendant does not in any way violate the statutory goal of "avoid[ing] unwarranted sentence disparities."

*Id.* (internal citations omitted); *see also United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008) ("[W]e specifically rejected the theory that the same conduct could not be subject to different punishment depending only on the government's prosecutorial decisions." (footnote omitted)). Thus, under *Foote*, sentencing disparity caused by the Government's charging decisions does not itself provide a basis for a downward variance under § 3553(a).

Taking *Hatcher* and *Foote* together, it seems that I may not consider Bailey's § 924(c) sentences *or* the Government-created disparity in the application of § 924(c)

sentences as grounds for Bailey's downward variance. Thus, Bailey's current variance arguments regarding his § 924(c) sentences seem unavailing.

### B. Potential Grounds for a Policy Disagreement

While Bailey's arguments discussed above seem unavailing, they indirectly raise the issue of whether a policy disagreement with the Guidelines would be appropriate in this case. None of the cases cited above address a variance based on a policy disagreement. Sentencing judges may impose sentences that vary from the Guidelines range based on a policy disagreement with the Guidelines. *See, e.g.*, *Spears v. United States*, 555 U.S. 261, 263-67 (2009) (per curiam); *United States v. Kimbrough*, 552 U.S. 85, 109-10 (2007). I have granted a number of variances based on policy disagreements with the Guidelines. *See, e.g.*, *United States v. Hayes*, No. CR 12-4040-MWB, 2013 WL 2468038 (N.D. Iowa June 7, 2013); *United States v. Newhouse*, 919 F. Supp. 2d 955 (N.D. Iowa 2013); *United States v. Williams*, 788 F. Supp. 2d 847 (N.D. Iowa 2011); *United States v. Gully*, 619 F. Supp. 2d 633 (N.D. Iowa 2009).

Here, a policy disagreement with § 5G1.2(a), as interpreted in *Hatcher*, may be appropriate. After *Hatcher*, § 5G1.2(a) prevents me from considering the aggregate severity of a defendant's § 924(c) sentences in deciding whether to grant a downward variance on that defendant's Guidelines sentence. This is particularly troubling in cases like this one, in which a defendant with a Criminal History Category of "I" faces a minimum of 35 years of consecutive prison time before adding in his Guidelines sentence. Such a mandatory sentence under § 924(c) may well be "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). Yet § 5G1.2(a), as interpreted in *Hatcher*, seemingly prevents me from taking that into account, potentially forcing me to issue a total sentence *greater* than necessary. Thus, *Hatcher*'s interpretation of § 5G1.2(a) may prevent me from

fulfilling my obligation under § 3553(a)'s parsimony clause, which may be grounds for a variance based on a policy disagreement with the Guidelines.

But, because this issue was only indirectly raised in Bailey's brief, I would prefer to get additional input from the parties before deciding whether to grant a downward variance based on a policy disagreement.

### III.    CONCLUSION

Based on my preliminary analysis above, I request that the parties provide additional briefing on two issues:

(1) Whether either party disagrees with my preliminary analysis of Bailey's arguments discussed above in Part II.A; and

(2) Whether I should grant Bailey's downward variance based on a categorical policy disagreement with the application of U.S.S.G. § 5G1.2(a), as interpreted in *Hatcher*.

I recognize that Bailey moves for a downward departure and variance for many reasons. But, for the purpose of the parties' supplemental briefs, the parties should focus solely on the two issues listed above. The parties shall submit their supplemental briefs no later than September 24, 2013.

Bailey's sentencing, which was originally scheduled for September 5, 2013, at 9:00 am, is hereby rescheduled for October 11, 2013, at 3:00 pm.

**IT IS SO ORDERED**.

**DATED** this 3rd day of September, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA